# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALFRED ADJAYE, JEREMY ANDERSON, TOMEKA BARNES, SONYA BEAL, JOHN BRYANT, MATT COMPARATO, ERIN CONNER, JIMMY COX, QUENCY DUDLEY, KENNETH EDWARDS, RAYSA FIGARO, ANDREA FISHER-BECKETT, TIFFANIE GATLING, BEHZAD GERAMINEJAD, JESSIE GOOLSBY, III, ERIKA GREEN, CHARONN HAMILTON, DOROTA HANG, REGINALD HOLMES, CHARLENE JAMES, CHRISTINA JOHNS, LASHUNDA JOHNSON, SYEMEIKO JOHNSTON, ANDREW JONES, DROMECO JONES, REGINALD JONES, WILLIE JOINES, DARIAN KEARNEY, CHEVONTAIE LEWIS, SAMANTHA LEWIS-LEE, KARL MANGRU, CARMYN MARTIN-BOONE, NICOLE MARZOL, TAWANDA MELVIN, JHAZSMIN MOORE, JENNIFER MORILIEN, COURTNEY MORTON, STEVEN OLSON, PATRICK PARKER, HEATHER PENNEY, ALISCIA PITTS, FREDERIK PROSEK, STACEY REDD, STEPHANIE RICKS, SHONDRA ROOKS, DEVON RUTHERFORD, ELIJAH SANDERS, III, ANWAR KARIM SHABAZZ, MARGARET STEVENS, JOANNE SULLIVAN, ALTHEA THOMPSON, DIANE TINSLEY, TASIA TRAVICKS, JESSICA VALENTINE, LINDA MEDLEY WATTS, ANTONIO WILLIAMS, JUSTIN WILLIAMS, VINCENT WILSON, JEFFERY WOOLEY, JR., DENNY WYATT, JAVAR YOUNG, LAUREIN YOUNG, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. |
| Plaintiffs, | § | |

|                                          | § |
| v.                                       | § |
|                                          | § |
| WALGREEN Co., d/b/a WALGREENS            | § |
|                                          | § |
|                       Defendant.         | § |

---

## COMPLAINT

This case arises from the matter of *Teramura, et al. v. Walgreen Co. d/b/a Walgreens,* Civil Action No. 5:12-cv-05244-ELS, Docket No. 284 (W.D. Ark. 2013) ("*Teramura*"). Pursuant to the Court's Order to Decertify the Conditionally-Certified Collective Action the above-named Plaintiffs ("Plaintiffs"), all of whom were opt-in Plaintiffs in *Teramura*, file this Complaint against Defendant Walgreen Co. d/b/a Walgreens ("Walgreens" or "Defendant").

## I.      PRELIMINARY STATEMENTS

1.      Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-291 ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs overtime compensation for the hours they worked in excess of 40 either on or off the clock in single workweek.

2.     Each Plaintiff filed a "Consent to Join" in the *Teramura* collective action that was conditionally certified and then decertified in the United States District Court for the Western District of Arkansas.

3.     The *Teramura* court, in its Order decertifying the conditionally-certified class, tolled the statute of limitations for Plaintiffs until September 30, 2014, allowing Plaintiffs time to file a new lawsuit in their own state of residence.  *Teramura*, Docket 284 ("Decertification Order").

4.     Pursuant to the Decertification Order, Plaintiffs were afforded ninety (90) days following the issuance of the June 18, 2014 notice of decertification to file their FLSA actions without losing the benefit of tolling of the applicable statutes of limitations that each Plaintiff secured upon filing their initial consent to join the *Teramura* lawsuit.

5.     As agreed and confirmed in writing by counsel for the *Teramura* parties, the issuance date of the Decertification Order to Plaintiffs was July 2, 2014, and the deadline for filing any subsequent lawsuit to preserve the statute of limitations that each Plaintiff secured upon filing their consent to join the *Teramura* lawsuit is September 30, 2014.

6.     The Consents to Join the *Teramura* case for each of the Plaintiffs are attached hereto as Exhibit A, and each attached Consent to Join bears the district court's stamped, filed date at the top of the Consent.

7.     This Complaint is timely filed within ninety (90) days of the July 2, 2014 issuance of the Decertification Order and thus relates back to the filing of each Plaintiff's Consent to Join in the *Teramura* case, thereby preserving the benefit of the tolling of the applicable statute of limitations as of the filing of each Plaintiff's Consent in the T*eramura* case.

## II.    JURISDICTION AND VENUE

8.     The United States District Court for the Northern District of Georgia has subject matter jurisdiction over this suit pursuant to the provisions of 28 U.S.C. § 1331 and § 216(b) of the FLSA because this suit raises federal questions under the FLSA.

9.     Defendant conducts business within the State of Georgia, operating retail stores that sell consumer goods in such categories as pharmacy, health and hygiene, beauty and cosmetics, grocery, vitamins and supplements, and other consumer goods categories.

10.    Defendant has purposely availed itself of the demand for consumer goods within the physical and political boundaries of the State of Georgia.

11.    Venue lies properly within this Court under 28 U.S.C. § 1391(a), (b)(1) and (c), because many of the acts complained of herein occurred within this District, and Defendant therefore "resides" in Georgia.

### III.   THE PARTIES

12.   Each Plaintiff is an individual who worked for Defendant as an Executive Assistant Manager ("EXA") in Georgia within the three years preceding the filing of their Consent to Join in *Teramura* and or is a resident of Georgia.

13.   At all times material to this action, Plaintiffs were "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.  Plaintiffs are further covered by 28 U.S.C. §§ 203 and 207 of the FLSA for the periods in which they were employed by Defendants.

14.   Defendant Walgreens is a foreign, for-profit corporation registered to conduct business in the State of Georgia and was Plaintiffs' employer within the terms of the FLSA, 28 U.S.C. § 203(d).

15.   According to its website, Defendant is a national retailer of "pharmacy, health and wellness solutions, and consumer goods and services," employing over 240,000 people and operating approximately 8,000 stores across the country.

16.     The approximately 8,000 stores owned or operated by or doing business as Defendant exist for the common business purpose of retailing pharmacy, health and wellness solutions, and consumer goods and services.

17.     Defendant has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, including specifically pharmacy, health and wellness, and consumer goods.

18.     At all times material to this action, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

19.     At all times material to this action, Defendant is and has been governed by and subject to the provisions of the FLSA, including the overtime provisions set forth in 29 U.S.C. § 207.

20.     Defendant's annual gross volume of sales is not less than $500,000.00.

21.     Defendant's registered agent for service of process for the State of Georgia is The Prentice-Hall Corporation System, Inc., 40 Technology Parkway South, Norcross, Georgia 30092.

## IV.     FACTUAL ALLEGATIONS

22.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

6

23.    At all times relevant to this action, Defendant suffered or permitted Plaintiffs, as EXAs, to unload merchandise from inventory supply trucks, stock merchandise onto the shelves, face or straighten the merchandise on the shelves, complete various tasks assigned by and instructions from the store manager, erect seasonal promotional displays, and perform other hourly-type jobs, including, but not limited to, running a cash register, operating the photo booth, and working in the pharmacy as needed.

24.    While working as EXAs for Defendant, Plaintiffs spent a majority of their time during each week unloading merchandise from inventory supply trucks, stocking merchandise onto the shelves, facing or straightening the merchandise on the shelves, completing various tasks assigned by, and following instructions from the store manager, including erecting seasonal promotional displays, and performing other hourly-type jobs, including, but not limited to, running a cash register, operating the photo booth, and working in the pharmacy as needed.

25.    Plaintiffs, as EXAs, reported to a Store Manager who was in charge of the store.

26.    Plaintiffs, as EXAs, are or were required by Defendant to be scheduled for a minimum of forty-four (44) hours per week year round.

27.     Despite the scheduled hours, Plaintiffs very commonly work or worked more than the required forty-four (44) hours per week.

28.     Defendant did not or has not compensated Plaintiffs at a rate of one and one-half times their regular rate for hours worked over forty (40) in any workweek.

Plaintiff Alfred Adjaye

29.     Plaintiff Alfred Adjaye ("Adjaye") is a citizen of the United States and a resident of the State of Georgia.

30.     Adjaye has been an employee of Walgreens since 2009. He is currently employed at a Walgreens store in Georgia.

31.     During at least part of his employment with Defendant, Plaintiff Adjaye worked as an EXA in Georgia.

32.     While Plaintiff Adjaye was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week for each workweek.

33.     Despite the scheduled hours, Plaintiff Adjaye very commonly worked more than 44 hours per week, averaging fifty-eight hours per week, up to seventy hours per week during the holidays.

34.     As an EXA, Walgreens classified Adjaye as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

35.     Adjaye's annual compensation as an EXA was not more than $100,000.00 per year.

36.     Adjaye's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

37.     Plaintiff Adjaye submits himself to the jurisdiction of this Court.

<u>Plaintiff Jeremy Anderson</u>

38.     Plaintiff Jeremy Anderson ("Anderson") is a citizen of the United States and a resident of the State of Georgia.

39.     Anderson was an employee of Walgreens from July 2008 to 2010.

40.     During at least part of his employment with Defendant, Plaintiff Anderson worked as an EXA in Georgia.

41.     While Plaintiff Anderson was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week for each work week.

42.     Despite the scheduled hours, Plaintiff Anderson very commonly worked more than 44 hours per week, averaging between fifty to sixty hours per week.

43.     As an EXA, Walgreens classified Anderson as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

44.     Anderson's annual compensation as an EXA was not more than $100,000.00 per year.

45.     Anderson's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

46.     Plaintiff Anderson submits himself to the jurisdiction of this Court.

<u>Plaintiff Tomeka Barnes</u>

47.     Plaintiff Tomeka Barnes ("Barnes") is a citizen of the United States and a resident of the State of Georgia.

48.     Barnes has been an employee of Walgreens since April 2004. She is currently employed at a Walgreens store in Georgia

49.     During at least part of her employment with Defendant, Plaintiff Barnes worked as an EXA in Georgia.

50.     While Plaintiff Barnes was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week for each workweek.

51.     Despite the scheduled hours, Plaintiff Barnes very commonly worked more than 44 hours per week, averaging between fifty-five and sixty hours per week.

52.     As an EXA, Walgreens classified Barnes as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

53.     Barnes's annual compensation as an EXA was not more than $100,000.00 per year.

54.     Barnes's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

55.     Plaintiff Barnes submits herself to the jurisdiction of this Court.

<u>Plaintiff Sonya Beal</u>

56.     Plaintiff Sonya Beal ("Beal") is a citizen of the United States and a resident of the State of Georgia.

57.     Beal has been an employee of Walgreens since 2007. She is currently employed at a Walgreens store in Georgia.

11

58.     During part of her employment with Defendant, Plaintiff Beal worked as an EXA in Georgia.

59.     While Plaintiff Beal was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

60.     Despite the scheduled hours, Plaintiff Beal very commonly worked more than 44 hours per week, averaging fifty-five hours per week.

61.     As an EXA, Walgreens classified Beal as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

62.     Beal's annual compensation as an EXA was not more than $100,000.00 per year.

63.     Beal's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

64.     Plaintiff Beal submits herself to the jurisdiction of this Court.

<u>Plaintiff John Bryant</u>

65.     Plaintiff John Bryant ("Bryant") is a citizen of the United States and a resident of the State of Georgia.

66.     Byrant was an employee of Walgreens from 2006 to July 2012.

67.     During at least part of his employment with Defendant, Plaintiff Bryant worked as an EXA in Georgia.

68.     While Plaintiff Bryant was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

69.     Despite the scheduled hours, Plaintiff Bryant very commonly worked more than 44 hours per week, averaging sixty-six hours per week.

70.     As an EXA, Walgreens classified Bryant as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

71.     Bryant's annual compensation as an EXA was not more than $100,000.00 per year.

72.     Bryant's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

73.     Bryant submits himself to the jurisdiction of this Court.

<u>Plaintiff Matt Comparato</u>

74.     Plaintiff Matt Comparato ("Comparato") is a citizen of the United States and a resident of the State of Georgia.

13

75.     Comparato has been an employee of Walgreens since May 2004. He is currently employed at a Walgreens store in Georgia

76.     During at least part of his employment with Defendant, Plaintiff Comparato worked as an EXA in Georgia.

77.     While Plaintiff Comparato was in his position as an EXA he was required to be scheduled for a minimum of 44 hours per week each workweek.

78.     Despite the scheduled hours, Plaintiff Comparato very commonly worked more than 44 hours per week.

79.     As an EXA, Walgreens classified Comparato as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

80.     Comparato's annual compensation as an EXA was not more than $100,000.00 per year

81.     Comparato's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

82.     Comparato submits himself to the jurisdiction of this Court.

<u>Plaintiff Erin Conner</u>

83.     Plaintiff Erin Conner ("Conner") is a citizen of the United States and a resident of the State of Georgia.

84.     Conner has been an employee of Walgreens since June 2008. She is currently employed at a Walgreens store in Georgia.

85.     During at least part of her employment with Defendant, Plaintiff Conner worked as an EXA in Georgia.

86.     While Conner was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each work week.

87.     Despite the scheduled hours, Plaintiff Conner very commonly worked more than 44 hours per week, averaging 50 hours per week.

88.     As an EXA, Walgreens classified Conner as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

89.     Conner's annual compensation as an EXA was not more than $100,000.00 per year.

90.     Conner's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

91.     Conner submits herself to the jurisdiction of this Court.

15

Plaintiff Jimmy Cox

92.     Plaintiff Jimmy Cox ("Cox") is a citizen of the United States and a resident of the State of Georgia.

93.     Cox has been an employee of Walgreens since 2008. He is currently employed at a Walgreens store in Georgia.

94.     During all or part of his employment with Defendant, Cox worked as an EXA in Georgia.

95.     While Cox was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

96.     Despite the scheduled hours, Cox very commonly worked more forty-four hours per week, averaging 65 hours per week.

97.     As an EXA, Walgreens classified Cox as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

98.     Cox's annual compensation as an EXA was approximately $44,000.

99.     Cox's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

100.    Cox submits himself to the jurisdiction of this Court.

16

<u>Plaintiff Quency Dudley</u>

101.   Plaintiff Quency Dudley ("Dudley") is a citizen of the United States and a resident of the State of Georgia.

102.   Dudley has been an employee of Walgreens since 2004. He is currently employed at a Walgreens store in Georgia.

103.   During at least part of his employment with Defendant, Dudley worked as an EXA.

104.   While Dudley was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

105.   Despite the scheduled hours, Dudley very commonly worked more than 44 hours per week, averaging 50 hours per week.

106.   As an EXA, Walgreens classified Dudley as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

107.   Dudley's annual compensation as an EXA was approximately $55,000.

108.   Dudley's primary duties as an EXA were performing non-managerial, non-discretionary, manual tasks such as stocking the store and working the cash register.

109.   Dudley submits himself to the jurisdiction of this Court.

17

### Plaintiff Kenneth Edwards

110. Plaintiff Kenneth Edwards ("Edwards") is a citizen of the United States and a resident of the State of Georgia.

111. Edwards was an employee of Walgreens.

112. During all or part of his employment with Defendant, Edwards worked as an EXA.

113. While Edwards was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

114. Despite the scheduled hours, Edwards very commonly worked more than 44 hours per week.

115. As an EXA, Walgreens classified Edwards as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

116. Edward's annual compensation as an EXA was not more than $100,000.00 per year.

117. Edwards' primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

118. Edwards submits himself to the jurisdiction of this Court.

Plaintiff Raysa Figaro

119.    Plaintiff Raysa Figaro ("Figaro") is a citizen of the United States and a resident of the State of Georgia.

120.    Figaro was an employee of Walgreens in Georgia.

121.    During at least part of her employment with Defendant, Figaro worked as an EXA.

122.    While Figaro was in her position as an EXA, she was to be scheduled for a minimum of 44 hours per week each work week.

123.    Despite the scheduled hours, Plaintiff Figaro very commonly worked more than 44 hours per week.

124.    As an EXA, Walgreens classified Figaro as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

125.    Figaro's annual compensation as an EXA was not more than $100,000.00 per year.

126.    Figaro's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

127.    Figaro submits herself to the jurisdiction of this Court.

<u>Plaintiff Andrea Fisher-Beckett</u>

128.   Plaintiff Andrea Fisher- Beckett ("Fisher-Beckett") is a citizen of the United States and a resident of the State of Georgia.

129.   Fisher-Beckett was an employee of Walgreens from February 2007 to May 2010.

130.   During at least part of her employment with Defendant, Fisher-Beckett worked as an EXA in Georgia.

131.   While Fisher-Beckett was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

132.   Despite the scheduled hours, Fisher-Beckett very commonly worked more than 44 hours per week, averaging 50 to 90 hours per week.

133.   As an EXA, Walgreens classified Fisher-Beckett as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

134.   Fisher-Beckett's annual compensation as an EXA was approximately $45,000 to $50,000.

135.   Fisher-Beckett's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register. On multiple occasions she was required to drive 1

hour and 45 minutes to a different store location twice per day on her days off in order to open and close stores.

136.    Fisher-Beckett submits herself to the jurisdiction of this Court.

<u>Plaintiff Tiffanie Gatling</u>

137.    Plaintiff Tiffanie Gatling ("Gatling") is a citizen of the United States and a resident of the State of Georgia.

138.    Gatling was an employee of Walgreens from 2004 to 2010.

139.    During at least part of her employment with Defendant, Plaintiff Gatling worked as an EXA.

140.    While Plaintiff Gatling was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

141.    Despite the scheduled hours, Gatling very commonly worked more than 44 hours per week, averaging 52 hours per week.

142.    As an EXA Walgreens classified Gatling as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

143.    Gatling's annual compensation as an EXA was not more than $100,000.00 per year.

144. Gatling's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

145. Gatling submits herself to the jurisdiction of this Court.

<u>Plaintiff Behzad Geraminejad</u>

146. Plaintiff Behzad Geraminejad ("Geraminejad") is a citizen of the United States and a resident of the State of Georgia.

147. Geraminejad was an employee of Walgreens from February 2005 to December 2009.

148. During at least part of his employment with Defendant, Geraminejad worked as an EXA in Georgia.

149. While Geraminejad was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

150. Despite the scheduled hours, Plaintiff Geraminejad very commonly worked more than 44 hours per week, averaging 55 hours per week.

151. As an EXA, Walgreens classified Geraminejad as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

152. Geraminejad's annual compensation as an EXA was approximately $45,000.

153. Geraminejad's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

154. Geraminejad submits himself to the jurisdiction of this Court.

Plaintiff Jessie Goolsby III

155. Plaintiff Jessie Goolsby, III ("Goolsby") is a citizen of the United States and a resident of the State of Georgia.

156. Goolsby was an employee of Walgreens from 2002 to January 2012.

157. During at least part of his employment with Defendant, Goolsby worked as an EXA.

158. While Goolsby was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

159. Despite the scheduled hours, Goolsby very commonly worked more than 44 hours per week, averaging 54 hours per week.

160.    As an EXA, Walgreens classified Goolsby as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

161.    Goolsby's annual compensation as an EXA was not more than $100,000.00.

162.    Goolsby's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

163.    Goolsby submits himself to the jurisdiction of this Court.

<u>Plaintiff Erika Green</u>

164.    Plaintiff Erika Green ("Green") is a citizen of the United States and a resident of the State of Georgia.

165.    Green was an employee of Walgreens from January 2000 to January 2010.

166.    During at least part of her employment with Defendant, Green worked as an EXA.

167.    While Green was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

168.    Despite the scheduled hours, Green very commonly worked more than 44 hours per week, averaging 66 hours per week.

169.   As an EXA, Walgreens classified Green as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

170.   Green's annual compensation as an EXA was approximately $45,000.

171.   Green's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

172.   Green submits herself to the jurisdiction of this Court.

<u>Plaintiff Charonn Hamilton</u>

173.   Plaintiff Charonn Hamilton ("Hamilton") is a citizen of the United States and a resident of the State of Georgia.

174.   Hamilton was an employee of Walgreens.

175.   During at least part of her employment with Defendant, Hamilton worked as an EXA.

176.   While Hamilton was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

177.   Despite the scheduled hours, Hamilton very commonly worked more than 44 hours per week.

178.   As an EXA, Walgreens classified Hamilton as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

179.   Hamilton's annual compensation as an EXA was not more than $100,000.00 per year.

180.   Hamilton's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

181.   Hamilton submits herself to the jurisdiction of this Court.

<u>Plaintiff Dorota Hang</u>

182.   Plaintiff Dorota Hang ("Hang") is a citizen of the United States and a resident of the State of Georgia.

183.   Hang was an employee of Walgreens from April 2006 to December 2012.

184.   During at least part of her employment with Defendant, Hang worked as an EXA.

185.   While Plaintiff Hang was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

186.    Despite the scheduled hours, Plaintiff Hang very commonly worked more than 44 hours per week, averaging 54 hours per week.

187.    As an EXA, Walgreens classified Hang as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 30 each week.

188.    Hang's annual compensation as an EXA was not more than $100,000.00 per year.

189.    Hang's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

190.    Plaintiff Hang submits herself to the jurisdiction of this Court.

<u>Plaintiff Reginald Holmes</u>

191.    Plaintiff Reginald Holmes ("Holmes") is a citizen of the United States and a resident of the State of Georgia.

192.    Holmes has been an employee of Walgreens since May 2004. He is currently employed at a Walgreens store.

193.    During at least part of his employment with Defendant, Plaintiff Holmes worked as an EXA.

194.    While Holmes was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

27

195.   Despite the scheduled hours, Holmes very commonly worked more than 44 hours per week.

196.   As an EXA, Walgreens classified Holmes as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

197.   Holmes's annual compensation as an EXA was not more than $100,000.00 per year.

198.   Holmes' primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

199.   Holmes submits himself to the jurisdiction of this Court.

<u>Plaintiff Charlene James</u>

200.   Plaintiff Charlene James ("James") is a citizen of the United States and a resident of the State of Georgia.

201.   James was an employee of Walgreens.

202.   During at least part of her employment with Defendant, James worked as an EXA.

203.   While James was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

204.   Despite the scheduled hours, James very commonly worked more than 44 hours per week.

205.   As an EXA, Walgreens classified James as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

206.   James's annual compensation as an EXA was not more than $100,000.00 per year.

207.   James's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

208.   James submits herself to the jurisdiction of this Court.

<u>Plaintiff Christina Johns</u>

209.   Plaintiff Christina Johns ("Johns") is a citizen of the United States and a resident of the State of Georgia.

210.   Johns has been an employee of Walgreens since 2004. She is currently employed at a Walgreens store in Georgia.

211.   During at least part of her employment with Defendant, Johns worked as an EXA.

212.   While Johns was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each work week.

213.   Despite the scheduled hours, Johns very commonly worked more than 44 hours per week, averaging 47 hours per week.

214.   As an EXA, Walgreens classified Johns as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

215.   Johns' annual compensation as an EXA was approximately $50,000.

216.   Johns's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

217.   Johns submits herself to the jurisdiction of this Court.

<u>Plaintiff LaShunda Johnson</u>

218.   Plaintiff LaShunda Johnson ("Johnson") is a citizen of the United States and a resident of the State of Georgia.

219.   Johnson has been an employee of Walgreens since 2009. She is currently employed at a Walgreens store in Georgia.

220.   During at least part of her employment with Defendant, Johnson worked as an EXA.

221.   While Johnson was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

222.   Despite the scheduled hours, Johnson very commonly worked more than 44 hours per week, averaging 50 to 60 hours per week.

223.   As an EXA, Walgreens classified Johnson as a salaried exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

224.   Johnson's annual compensation as an EXA was not more than $100,000.00 per year.

225.   Johnson's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

226.   Plaintiff Johnson submits herself to the jurisdiction of this Court.

<u>Plaintiff Syemeiko Johnston</u>

227.   Plaintiff Syemeiko Johnston ("Johnston") is a citizen of the United States and a resident of the State of Georgia.

228.   Johnston was an employee of Walgreens.

229.   During at least part of her employment with Defendant, Johnston worked as an EXA in Georgia.

230.   While Johnston was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

231.   Despite the scheduled hours, Johnston very commonly worked more than 44 hours per week.

232.   As an EXA, Walgreens classified Johnston as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

233.   Johnston's annual compensation as an EXA was not more than $100,000.00 per year.

234.   Johnston's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

235.   Johnston submits herself to the jurisdiction of this Court.

<u>Plaintiff Andrew Jones</u>

236.   Plaintiff Andrew Jones ("A. Jones") is a citizen of the United States and a resident of the State of Georgia.

237.   A. Jones has been an employee of Walgreens since 2006. He is currently employed at a Walgreens store in Georgia.

238.   During at least part of his employment with Defendant, A. Jones worked as an EXA.

239.   While A. Jones was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

240.   Despite the scheduled hours, A. Jones very commonly worked more than 44 hours per week, averaging 50 to 60 hours per week.

241.   As an EXA, Walgreens classified A. Jones as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

242.   A. Jones's annual compensation as an EXA was between $40,000 to $45, 000.

243.   A. Jones's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

244.   A. Jones submits himself to the jurisdiction of this Court.

<u>Plaintiff Dromeco Jones</u>

245.   Plaintiff Dromeco Jones ("D. Jones") is a citizen of the United States and a resident of the State of Georgia.

246.   D. Jones has been an employee of Walgreens.

247.   During at least part of his employment with Defendant, D. Jones worked as an EXA.

248.   While D. Jones was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

249.   Despite the scheduled hours, D. Jones very commonly worked more than 44 hours per week.

250.   As an EXA, Walgreens classified D. Jones as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

251.   D. Jones' annual compensation as an EXA was not more than $100,000.00 per year.

252.   D. Jones's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

253.   D. Jones submits himself to the jurisdiction of this Court.

<u>Plaintiff Reginald Jones</u>

254.   Plaintiff Reginald Jones ("R. Jones") is a citizen of the United States and a resident of the State of Georgia.

255.   R. Jones has been an employee of Walgreens for approximately 5 years. He is currently employed at a Walgreens store in Georgia.

256.   During at least part of his employment with Defendant, R. Jones worked as an EXA.

257.   While R. Jones was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

258.   Despite the scheduled hours, R. Jones very commonly worked more than 44 hours per week.

259.   As an EXA, Walgreens classified R. Jones as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

260.   R. Jones's annual compensation as an EXA was not more than $100,000.00 per year.

261.   R. Jones's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

262.   R. Jones submits himself to the jurisdiction of this Court.

<u>Plaintiff Willie Jones</u>

263.   Plaintiff Willie Jones ("W. Jones") is a citizen of the United States and a resident of the State of Georgia.

264.   W. Jones has been an employee of Walgreens since 2001. He is currently employed at a Walgreens store in Georgia.

265.   During at least part of his employment with Defendant, W. Jones worked as an EXA.

266.   While W. Jones was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

267.   Despite the scheduled hours, R. Jones very commonly worked more than 44 hours per week, averaging 54 to 56 hours per week.

268.   As an EXA, Walgreens classified R. Jones as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over forty each week.

269.   W. Jones's annual compensation as an EXA was not more than $100,000.00 per year.

270.   W. Jones's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

271.   W. Willie Jones submits himself to the jurisdiction of this Court.

<u>Plaintiff Darian Kearney</u>

272.   Plaintiff Darian Kearney ("Kearney") is a citizen of the United States and a resident of the State of Georgia.

273.   Kearney has been an employee of Walgreens.

274.   During at least part of his employment with Defendant, Kearney worked as an EXA.

275.   While Kearney was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

276.   Despite the scheduled hours, Kearney very commonly worked more than 44 hours per week.

277.   As an EXA, Walgreens classified Kearney as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

278.   Kearney's annual compensation as an EXA was not more than $100,000.00 per year.

279.   Kearney's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

280.   Kearney submits himself to the jurisdiction of this Court.

<u>Plaintiff Chevontaie Lewis</u>

281.   Plaintiff Chevontaie Lewis ("Lewis") is a citizen of the United States and a resident of the State of Georgia.

282.   Lewis was an employee of Walgreens from 2008 to 2012. She is currently employed at a Walgreens store in Georgia.

283.   During at least part of her employment with Defendant, Lewis worked as an EXA.

284.   While Lewis was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

285.   Despite the scheduled hours, Plaintiff Lewis very commonly worked more than 44 hours per week, averaging 50 to 60 hours.

286.   As an EXA, Walgreens classified Lewis as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each workweek.

287.   Lewis' annual compensation as an EXA was approximately $45,000.

288.   Lewis's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

289.   Plaintiff Lewis submits herself to the jurisdiction of this Court.

<u>Plaintiff Samantha Lewis-Lee</u>

290.   Plaintiff Samantha Lewis-Lee ("Lewis-Lee") is a citizen of the United States and a resident of the State of Georgia.

291.   Lewis-Lee was an employee of Walgreens from August 2006 to April 2013.

292.   During at least part of her employment with Defendant, Plaintiff Lewis-Lee worked as an EXA.

293.   While Plaintiff Lewis-Lee was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

294.   Despite the scheduled hours, Lewis-Lee very commonly worked more than 44 hours per week, averaging 55 to 60 hours per week.

295.   As an EXA, Walgreens classified Lewis-Lee as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

296.   Lewis-Lee's annual compensation as an EXA was approximately $50,000.

297.   Lewis-Lee's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

298.   Lewis-Lee submits herself to the jurisdiction of this Court.

<u>Plaintiff Karl Mangru</u>

299.   Plaintiff Karl Mangru ("Mangru") is a citizen of the United States and a resident of the State of Georgia.

300.   Mangru has been an employee of Walgreens since September 2005. He is currently employed at a Walgreens store in Georgia.

301.   During at least part of his employment with Defendant, Mangru worked as an EXA.

302.   While Mangru was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

303.   Despite the scheduled hours, Mangru very commonly worked more than 44 hours per week, averaging 53 to 60 hours per week.

304.   As an EXA, Walgreens classified Mangru as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

305.   Mangru's annual compensation as an EXA was not more than $100,000.00 per year.

306.   Mangru's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

307.   Mangru submits himself to the jurisdiction of this Court.

<u>Plaintiff Carmyn Martin-Boone</u>

308.   Plaintiff Carmyn Martin-Boone ("Martin-Boone") is a citizen of the United States and a resident of the State of Georgia.

309.   Martin-Boone was an employee of Walgreens from 2007 to 2013.

310.   During at least part of her employment with Defendant, Martin-Boone worked as an EXA.

311.   While Martin-Boone was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

312.   Despite the scheduled hours, Plaintiff Martin-Boone very commonly worked more 44 hours per week, averaging 54 to 57 hours per week.

313.   As an EXA, Walgreens classified Martin-Boone as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

314.   Martin-Boone's annual compensation as an EXA was approximately $55,000.

315.   Martin-Boone's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

316.   Martin-Boone submits herself to the jurisdiction of the Court.

### Plaintiff Nicole Marzol

317.   Plaintiff Nicole Marzol("Marzol") is a citizen of the United States and a resident of the State of Georgia.

318.   Marzol was an employee of Walgreens.

319.   During at least part of her employment with Defendant, Marzol worked as an EXA.

320.   While Marzol was in her position an EXA, was required to be scheduled for a minimum of 44 hours per week each workweek.

321.   Despite the scheduled hours, Marzol very commonly worked more than 44 hours per week.

322.   As an EXA, Walgreens classified Marzol as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked in excess of 40 each week.

323.   Marzol's annual compensation as an EXA was not more than $100,000.00 per year.

324.   Marzol's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

325.   Marzol submits herself to the jurisdiction of this Court.

<u>Plaintiff Tawanda Melvin</u>

326.   Plaintiff Tawanda Melvin ("Melvin") is a citizen of the United States and a resident of the State of Georgia.

327.   Melvin was an employee of Walgreens from June 2009 to October 2011.

328.   During at least part of her employment with Defendant, Melvin worked as an EXA.

329.   While Melvin was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

330.   Despite the scheduled hours, Melvin very commonly worked more than 44 hours per week, averaging 55 hours per week.

331.   As an EXA, Walgreens classified Melvin as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

332.   Melvin's annual compensation as an EXA was not more than $100,000.00 per year.

333.   Melvin's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

334.   Melvin submits herself to the jurisdiction of this Court.

<u>Plaintiff Jhazsmin Moore</u>

335.   Plaintiff Jhazsmin Moore ("Moore") is a citizen of the United States and a resident of the State of Georgia.

336. Moore has been an employee of Walgreens since 2010. She is currently employed at a Walgreens in Georgia.

337. During at least part of her employment with Defendant, Plaintiff Moore worked as an EXA.

338. While Moore was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

339. Despite the scheduled hours, Moore very commonly worked more 44 hours per week, averaging 50 hours per week.

340. As an EXA, Walgreens classified Moore as a salaried, exempt employee and did not compensate her at time and a half her regular rate for all hours worked over 40 each week.

341. Moore's annual compensation as an EXA was approximately $46,000.

342. Moore's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

343. Moore submits herself to the jurisdiction of this Court.

<u>Plaintiff Jennifer Morilien</u>

344. Plaintiff Jennifer Morilien ("Morilien") is a citizen of the United States and a resident of the State of Georgia.

345.   Morilien was an employee of Walgreens from November 2010 through January 2014.

346.   During at least part of her employment with Defendant, Morilien worked as an EXA.

347.   While Morilien was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

348.   Despite the scheduled hours, Morilien very commonly worked more 44 hours per week.

349.   As an EXA, Walgreens classified Morilien as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

350.   Morilien's annual compensation as an EXA was not more than $100,000.00 per year.

351.   Morilien's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

352.   Morilien submits herself to the jurisdiction of this Court.

<u>Plaintiff Courtney Morton</u>

353.   Plaintiff Courtney Morton ("Morton") is a citizen of the United States and a resident of the State of Georgia.

45

354.    Morton has been an employee of Walgreens for approximately 4 years. She is currently employed at a Walgreens in Georgia.

355.    During at least part of her employment with Defendant, Morton worked as an EXA.

356.    While Morton was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

357.    Despite the scheduled hours, Morton very commonly worked more 44 hours per week.

358.    As an EXA, Walgreens classified Morton as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

359.    Morton's annual compensation as an EXA was not more than $100,000.00 per year.

360.    Morton's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

361.    Morton submits herself to the jurisdiction of this Court.

<u>Plaintiff Steven Olson</u>

362.    Plaintiff Steven Olson ("Olson") is a citizen of the United States and a resident of the State of Georgia.

46

363.   Olson has been an employee of Walgreens since 2008. He is currently employed at a Walgreens store in Georgia.

364.   During at least part of his employment with Defendant, Olson worked as an EXA.

365.   While Olson was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

366.   Despite the scheduled hours, Olson very commonly worked more than 44 hours per week, averaging 50 to 55 hours per week.

367.   As an EXA, Walgreens classified Olson as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

368.   Olson's annual compensation as an EXA was approximately $52,000.00.

369.   Olson's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

370.   Olson submits himself to the jurisdiction of this Court.

<u>Plaintiff Patrick Parker</u>

371.   Plaintiff Patrick Parker ("Parker") is a citizen of the United States and a resident of the State of Georgia.

47

372. Parker was an employee of Walgreens from May 2008 to May 2012.

373. During at least part of his employment with Defendant, Parker worked as an EXA.

374. While Parker was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

375. Despite the scheduled hours, Parker very commonly worked more than 44 hours per week, averaging 46 hours per week.

376. As an EXA, Walgreens classified Parker as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

377. Parker's annual compensation as an EXA was not more than $100,000.00 per year.

378. Parker's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

379. Parker submits himself to the jurisdiction of this Court.

<u>Plaintiff Heather Penney</u>

380. Plaintiff Heather Penney ("Penney") is a citizen of the United States and a resident of the State of Georgia.

48

381.   Penney has been an employee of Walgreens since 2010. She is currently employed at a Walgreens store in Georgia.

382.   During at least part of her employment with Defendant, Penney worked as an EXA.

383.   While Penney was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

384.   Despite the scheduled hours, Penney very commonly worked more than 44 hours per week, averaging 58 to 60 hours per week.

385.   As an EXA, Walgreens classified Penney as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

386.   Penney's annual compensation as an EXA was not more than $100,000.00 per year.

387.   Penney's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

388.   Penney submits herself to the jurisdiction of this Court.

<u>Plaintiff Aliscia Pitts</u>

389.   Plaintiff Aliscia Pitts ("Pitts") is a citizen of the United States and a resident of the State of Georgia.

49

390.   Pitts has been an employee of Walgreens since 2006. She is currently employed at a Walgreens store in Georgia.

391.   During at least part of her employment with Defendant, Pitts worked as an EXA.

392.   While Pitts was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each work week.

393.   Despite the scheduled hours, Pitts very commonly worked more than 44 hours per week, averaging fifty to 52 hours per week.

394.   As an EXA, Walgreens classified Pitts as a salaried exempt employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

395.   Pitts's annual compensation as an EXA was not more than $100,000.00 per year.

396.   Pitts's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

397.   Pitts submits herself to the jurisdiction of this Court.

<u>Plaintiff Frederik Prosek</u>

398.   Plaintiff Frederik Prosek  ("Prosek") is a citizen of the United States and a resident of the State of Georgia.

399.   Prosek was an employee of Walgreens from February 2007 to December 2010.

400.   During at least part of his employment with Defendant, Prosek worked as an EXA.

401.   While Prosek was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

402.   Despite the scheduled hours, Prosek very commonly worked more 44 hours per week, averaging 50 to 60.

403.   As an EXA, Walgreens classified Prosek as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

404.   Prosek's annual compensation as an EXA was $42,000- $44,000.

405.   Prosek's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

406.   Prosek submits himself to the jurisdiction of this Court.

<u>Plaintiff Stacey Redd</u>

407.   Plaintiff Stacey Redd ("Redd") is a citizen of the United States and a resident of the State of Georgia.

408.   Redd was an employee of Walgreens from 2003 to 2006.

409.   During at least part of her employment with Defendant, Redd worked as an EXA.

410.   While Redd was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

411.   Despite the scheduled hours, Redd very commonly worked more than 44 hours per week, averaging 50 hours per week for 2 years and 45 hours per week for 1 year.

412.   As an EXA, Walgreens classified Redd as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

413.   Redd's annual compensation as an EXA was approximately $53,000.

414.   Redd's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

415.   Redd submits herself to the jurisdiction of this Court.

<u>Plaintiff Stephanie Ricks</u>

416.   Plaintiff Stephanie Ricks ("Ricks") is a citizen of the United States and a resident of the State of Georgia.

417.   Ricks was an employee of Walgreens from December 2008 to September 2011.

418.   During at least part of her employment with Defendant, Ricks worked as an EXA.

419.   While Ricks was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

420.   Despite the scheduled hours, Ricks very commonly worked more than 44 hours per week, averaging 45 to 50 hours per week.

421.   As an EXA, Walgreens classified Ricks as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

422.   Ricks's annual compensation as an EXA was not more than $100,000.00 per year.

423.   Ricks's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

424.   Ricks submits herself to the jurisdiction of this Court.

<u>Plaintiff Shondra Rooks</u>

425.   Plaintiff Shondra Rooks ("Rooks") is a citizen of the United States and a resident of the State of Georgia.

53

426.    Rooks was an employee of Walgreens.

427.    During at least part of her employment with Defendant, Rooks worked as an EXA.

428.    While Rooks was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

429.    Despite the scheduled hours, Rooks very commonly worked more 44 hours per week.

430.    As an EXA, Walgreens classified Rooks as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

431.    Rooks's annual compensation as an EXA was not more than $100,000.00 per year.

432.    Rooks's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

433.    Rooks submits herself to the jurisdiction of this Court.

<u>Plaintiff Devon Rutherford</u>

434.    Plaintiff Devon Rutherford ("Rutherford") is a citizen of the United States and a resident of the State of Georgia.

435.   Rutherford has been an employee of Walgreens since 2006. He is currently employed at a Walgreens store in Georgia.

436.   During at least part of his employment with Defendant, Rutherford worked as an EXA.

437.   While Rutherford was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

438.   Despite the scheduled hours, Rutherford very commonly worked more than 44 hours per week, averaging 55 hours per week.

439.   As an EXA, Walgreens classified Rutherford as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

440.   Rutherford's annual compensation as an EXA was approximately $45,000.

441.   Rutherford's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

442.   Rutherford submits himself to the jurisdiction of this Court.

Plaintiff Elijah Sanders, III

443.    Plaintiff Elijah Sanders, III ("Sanders") is a citizen of the United States and a resident of the State of Georgia.

444.    Sanders has been an employee of Walgreens since 2007. He is currently employed at a Walgreens store in Georgia.

445.    During at least part of his employment with Defendant, Sanders worked as an EXA.

446.    While Plaintiff Sanders was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

447.    Despite the scheduled hours, Sanders very commonly worked more than 44 hours per week, averaging 65 hours per week.

448.    As an EXA, Walgreens classified Sanders as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

449.    Sanders's annual compensation as an EXA was approximately $51,000.

450.    Sanders's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

451.    Sanders submits himself to the jurisdiction of this Court.

## Plaintiff Anwar Karim Shabazz

452.   Plaintiff Anwar Karim Shabazz ("Shabazz") is a citizen of the United States and a resident of the State of Georgia.

453.   Shabazz has been an employee of Walgreens since 2007. He is currently employed at a Walgreens store in Georgia.

454.   During at least part of his employment with Defendant, Shabazz worked as an EXA.

455.   While Shabazz was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

456.   Despite the scheduled hours, Shabazz very commonly worked more than 44 hours per week, averaging 54 hours per week.

457.   As an EXA, Walgreens classified Shabazz as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

458.   Shabazz's annual compensation as an EXA was approximately $51,000.

459.   Shabazz's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

460.   Shabazz submits himself to the jurisdiction of this Court.

<u>Plaintiff Margaret Stevens</u>

461.   Plaintiff Margaret Stevens ("Stevens") is a citizen of the United States and a resident of the State of Georgia.

462.   Stevens was  an employee of Walgreens.

463.    During at least part of her employment with Defendant, Stevens worked as an EXA.

464.   While Stevens was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

465.   Despite the scheduled hours, Stevens very commonly worked more than 44 hours per week.

466.   As an EXA, Walgreens classified Stevens as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

467.   Stevens's annual compensation as an EXA was not more than $100,000.00 per year.

468.   Stevens's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

469.   Stevens submits herself to the jurisdiction of this Court.

<u>Plaintiff Joanne Sullivan</u>

470.   Plaintiff Joanne Sullivan ("Sullivan") is a citizen of the United States and a resident of the State of Georgia.

471.   Sullivan has been an employee of Walgreens.

472.   During at least part of her employment with Defendant, Sullivan worked as an EXA.

473.   While Sullivan was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

474.   Despite the scheduled hours, Sullivan very commonly worked more than 44 hours per week.

475.   As an EXA, Walgreens classified Sullivan as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

476.   Sullivan's annual compensation as an EXA was not more than $100,000.00 per year.

477.   Sullivan's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

478.   Sullivan submits herself to the jurisdiction of this Court.

<u>Plaintiff Althea Thompson</u>

59

479.   Plaintiff Althea Thompson ("Thompson") is a citizen of the United States and a resident of the State of Georgia.

480.   Thompson has been an employee of Walgreens.

481.   During at least part of her employment with Defendant, Thompson worked as an EXA.

482.   While Thompson was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

483.   Despite the scheduled hours, Thompson very commonly worked more 44 hours per week, averaging 50 hours per week.

484.   As an EXA, Walgreens classified Thompson as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

485.   Thompson's annual compensation as an EXA was not more than $100,000.00 per year.

486.   Thompson's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

487.   Thompson submits herself to the jurisdiction of this Court.

Plaintiff Diane Tinsley

488.    Plaintiff Diane Tinsley ("Tinsley") is a citizen of the United States and a resident of the State of Georgia.

489.    Tinsley has been an employee of Walgreens.

490.    During at least part of her employment with Defendant, Tinsley worked as an EXA.

491.    While Tinsley was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

492.    Despite the scheduled hours, Tinsley very commonly worked more 44 hours per week, averaging 50 hours per week.

493.    As an EXA, Walgreens classified Tinsley as a salaried employee and did not compensate her at time and a half her regular rate for hours worked over forty each week.

494.    Tinsley's annual compensation as an EXA was not more than $100,000.00 per year.

495.    Tinsley's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

496.    Tinsley submits herself to the jurisdiction of this Court.

Plaintiff Tasia Travicks

497.   Plaintiff Tasia Travicks ("Travicks") is a citizen of the United States and a resident of the State of Georgia.

498.   Travicks has been an employee of Walgreens,

499.   During at least part of her employment with Defendant, Travicks worked as an EXA.

500.   While Travicks was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

501.   Despite the scheduled hours, Travicks very commonly worked more 44 hours per week, averaging 50 hours per week.

502.   As an EXA, Walgreens classified Travicks as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

503.   Travicks's annual compensation as an EXA was not more than $100,000.00.

504.   Travicks's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

505.   Travicks submits herself to the jurisdiction of this Court.

<u>Plaintiff Jessica Valentine</u>

506.    Plaintiff Jessica Valentine ("Valentine") is a citizen of the United States and a resident of the State of Georgia.

507.    Valentine was an employee of Walgreens from July 2005 to January 2011.

508.    During at least part of her employment with Defendant, Plaintiff Valentine worked as an EXA.

509.    While Valentine was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

510.    Despite the scheduled hours, Valentine very commonly worked more than 44 hours per week, averaging 50 to 60 hours per week and 70 hours during the holiday.

511.    As an EXA, Walgreens classified Valentine as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

512.    Valentine's annual compensation as an EXA was approximately $52,000 per year.

513.    Valentine's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

63

514.   Valentine submits herself to the jurisdiction of this Court.

<u>Plaintiff Linda Medley Watts</u>

515.   Plaintiff Linda Medley Watts ("Watts") is a citizen of the United States and a resident of the State of Georgia.

516.   Watts has been an employee of Walgreens since 2008. She is currently employed at a Walgreens store in Georgia.

517.   During at least part of her employment with Defendant, Watts worked as an EXA.

518.   While Watts was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

519.   Despite the scheduled hours, Watts very commonly worked more than 44 hours per week, averaging 60 hours per week.

520.   As an EXA, Walgreens classified Watts as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

521.   Watts's annual compensation as an EXA was approximately $50,000.

522.   Watts's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

523.    Watts submits herself to the jurisdiction of this Court.

<u>Plaintiff Antonio Williams</u>

524.    Plaintiff Antonio Williams ("A. Williams") is a citizen of the United States and a resident of the State of Georgia.

525.    A. Williams was an employee of Walgreens from 2006 to April 2010.

526.    During at least part of his employment with Defendant, A. Williams worked as an EXA.

527.    While A. Williams was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

528.    Despite the scheduled hours, A. Williams very commonly worked more than 44 hours per week, averaging 44 to 50 hours per week.

529.    As an EXA, Walgreens classified A. Williams as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

530.    A. Williams's annual compensation as an EXA was not more than $100,000.00 per year.

531.   A. Williams's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

532.   A. Williams submits himself to the jurisdiction of this Court.

<u>Plaintiff Justin Williams</u>

533.   Plaintiff Justin Williams ("J. Williams") is a citizen of the United States and a resident of the State of Georgia.

534.   J. Williams was an employee of Walgreens from 2006 to September 2012.

535.   During at least part of his employment with Defendant, J. Williams worked as an EXA.

536.   While J. Williams was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

537.   Despite the scheduled hours, J. Williams very commonly worked more than 44 hours per week, averaging 60 to 70 hours per week.

538.   As an EXA, Walgreens classified J. Williams as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

539.   J. Williams's annual compensation as an EXA was approximately $52,500 to $55,000.

540.   J. Williams's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

541.   J. Williams submits himself to the jurisdiction of this Court.

<u>Plaintiff Vincent Wilson</u>

542.   Plaintiff Vincent Wilson ("Wilson") is a citizen of the United States and a resident of the State of Georgia.

543.   Wilson has been an employee of Walgreens since 2004. He is currently a store manager at a Walgreens Store in Georgia.

544.   During at least part of his employment with Defendant, Wilson worked as an EXA.

545.   While Wilson was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

546.   Despite the scheduled hours, Wilson very commonly worked more than 44 hours per week, averaging 55 hours per week.

547.   As an EXA, Walgreens classified Wilson as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

548.   Wilson's annual compensation as an EXA was approximately $43,000 to $45,000.

549.   Wilson's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

550.   Wilson submits himself to the jurisdiction of this Court.

<u>Plaintiff Jeffrey Wooley, Jr.</u>

551.   Plaintiff Jeffrey Wooley, Jr. ("Wooley") is a citizen of the United States and a resident of the State of Georgia.

552.   Wooley has been an employee of Walgreens since 2008. He is currently a store manager at a Walgreens Store in Georgia.

553.   During at least part of his employment with Defendant, Wooley worked as an EXA.

554.   While Wooley was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

555.   Despite the scheduled hours, Wooley very commonly worked more than 44 hours per week, averaging 46 to 60 hours per week.

556.   As an EXA, Walgreens classified Wooley as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

557.   Wooley's annual compensation as an EXA was not more than $100,000.00.

558.   Wooley's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

559.   Wooley submits himself to the jurisdiction of this Court.

<u>Plaintiff Denny Wyatt</u>

560.   Plaintiff Denny Wyatt ("Wyatt") is a citizen of the United States and a resident of the State of Georgia.

561.   Wyatt was an employee of Walgreens from June 2006 to November 2011.

562.   During at least part of his employment with Defendant, Wyatt worked as an EXA.

563.   While Wyatt was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

564.   Despite the scheduled hours, Wyatt very commonly worked more than 44 hours per week, averaging 50 to 60 hours per week.

565.   As an EXA, Walgreens classified Wyatt as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

566.   Wyatt's annual compensation as an EXA was approximately $58,000.

69

567.    Wyatt's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

568.    Wyatt submits himself to the jurisdiction of this Court.

<u>Plaintiff Javar Young</u>

569.    Plaintiff Javar Young ("Young") is a citizen of the United States and a resident of the State of Georgia.

570.    Young has been an employee of Walgreens from 2007 to 2013 in Georgia.

571.    During at least part of his her employment with Defendant, Young worked as an EXA.

572.    While Young was in his position as an EXA, he was required to be scheduled for a minimum of 44 hours per week each workweek.

573.    Despite the scheduled hours, Young very commonly worked more 44 hours per week, averaging 50 hours per week.

574.    As an EXA, Walgreens classified Young as a salaried, exempt employee and did not compensate him at time and a half his regular rate for hours worked over 40 each week.

575.    Young's annual compensation as an EXA was not more than $100,000.00.

576.    Young's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store, loading and unloading trucks, cleaning bathrooms and other janitorial duties, and working the cash register.

577.    Young submits himself to the jurisdiction of this Court.

<u>Plaintiff Laurein Young</u>

578.    Plaintiff Laurein Young ("Young") is a citizen of the United States and a resident of the State of Georgia.

579.    Young has been an employee of Walgreens since February 2005. She is currently employed at a Walgreens store in Georgia.

580.    During at least part of her employment with Defendant, Young worked as an EXA.

581.    While Young was in her position as an EXA, she was required to be scheduled for a minimum of 44 hours per week each workweek.

582.    Despite the scheduled hours, Young very commonly worked more than 44 hours per week, averaging 60 hours per week.

583.    As an EXA, Walgreens classified Young as a salaried, exempt employee and did not compensate her at time and a half her regular rate for hours worked over 40 each week.

584.   Young's annual compensation as an EXA was not more than $100,000.00.

585.   Young's primary duties as an EXA were performing non-managerial, non-discretionary manual tasks such as stocking the store and working the cash register.

586.   Young submits herself to the jurisdiction of this Court.

## V.      LEGAL ALLEGATIONS

### COUNT I

587.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

588.   The FLSA, specifically 29 U.S.C. § 207, requires employers subject to the FLSA to pay employees one and one half times their respective regular rates for all hours worked over forty (40) hours in per week.

589.   At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-219, in that Plaintiffs worked for Defendant in excess of forty (40) hours per week, but Defendant failed to compensate Plaintiffs at the rate of time and one-half for hours worked over 40.

590.   Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by

failing to properly pay overtime wage compensation to Plaintiffs, and those similarly situated, in accordance with §§ 203 and 207 of the FLSA.

591. Defendant acted with malice and reckless indifference to Plaintiffs' federally protected rights.

592. Pursuant to 29 U.S.C. § 216, the above described violations give rise to a claim for relief under the FLSA for unpaid overtime compensation for the three (3) year period immediately preceding the filing of each Plaintiff's Consent to Join in the Teramura litigation.

593. Based on the foregoing, each Plaintiff seeks unpaid overtime wages at the required legal rate for all of their hours worked over forty in each week during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and penalties allowed by law.

## VI.    PRAYER FOR RELIEF

WHEREFORE, pursuant to § 216(b) of the FLSA, Plaintiffs demand a trial by jury on all issues, request judgment of this Court against Defendant, and pray for the following relief:

1) That the Court award Plaintiffs unpaid compensation including without limitation, all unpaid overtime wages;

2) That the Court award Plaintiffs liquidated damages for the Defendants' absence of good faith and willful violations of the FLSA;

3) That the Court award Plaintiffs their reasonable attorneys' fees and the cost and expenses associated with this action; and

4) That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted,

*/s/ James E. Rollins, Jr.*
James E. Rollins, Jr.
Georgia Bar No. 613825

*/s/ Debra Schwartz*
Debra Schwartz
Georgia Bar No. 631035

Schwartz Rollins, LLC
945 E. Paces Ferry Road, Suite 2770
Atlanta, Georgia 30326
404-8444-4130 (ph.) 404-844-4135 (fax)
www.GAEmploymentlawyers.com

*Counsel for Plaintiffs*